NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 7, 2012
Decided April 29, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 11-3035 | |
| | Appeal from the United States District |
| UNITED STATES OF AMERICA, | Court for the Northern District of Illinois, |
| *Plaintiff-Appellee,* | Eastern Division. |
| | |
| *v.* | No. 10 CR 601-1 |
| | |
| KENNETH STEWARD, | George W. Lindberg, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

From 2004 until 2008, Kenneth Steward participated in a scheme that induced lenders to issue millions of dollars in mortgage loans based on fraudulent loan applications. He was charged with a total of 16 counts of mail, wire, and bank fraud, and pleaded guilty to each. The district judge imposed 16 concurrent 210-month sentences. Steward challenges two aspects of his sentence on appeal: He first argues that the district court erred in enhancing his offense level for obstructing justice after concluding that he committed perjury, U.S.S.G. § 3C1.1, because the court did not find that the three elements of perjury were present. Second, he contends that the court did not sentence him based on the factors in 18 U.S.C. § 3553(a) and that it inappropriately relied on his past arrests. Because the record reflects that any error by the district court in

enhancing Steward's sentence for obstructing justice was harmless, and the court properly considered the factors under § 3553(a), we affirm.

According to evidence that the government compiled, Steward ran several real estate development and construction companies, including Jireh Development Corporation, Jireh Construction, and Jireh Real Estate Development. After finding people who wanted to purchase property (or recruiting them to pose as buyers), he then used these companies to produce documents that falsely qualified the buyers as purchasers; for instance, the paperwork falsely stated that the buyers worked for the companies and included falsified W-2 and earnings statements. Steward also purchased counterfeit forms on their behalf, including false pay stubs and bank statements. After compiling these fake documents, he submitted the finished loan applications to loan officers who also participated in the fraud. After the unsuspecting banks issued the mortgages, Steward and others received kickbacks.

Two years before sentencing, Steward appeared before a grand jury investigating the fraud. He denied significant involvement with the Jireh companies, including ever holding a position as an officer or director. Instead, he testified that he "was an independent contractor at one time." When the prosecutor asked him to further explain, he said: "[L]ike any water service, salting service, things like that, anything I had to do for the corporation, then I would be – I would be the independent contractor. Basically, I was never an employee or an officer of the corporation."

Steward entered a guilty plea in June 2011 without any deal with the government, and he admitted how he used the Jireh companies to carry out his scheme. Before sentencing, the probation office calculated a total offense level that incorporated a 2-level enhancement for obstruction of justice based on the probation officer's conclusion that, in light of the evidence, Steward committed perjury before the grand jury. To arrive at this obstruction enhancement, the probation officer wrote (and the district court would later adopt by reference) that Steward committed perjury by falsely testifying that he was only an "independent contractor" for the Jireh companies:

> Pursuant to Application Note 4(B), an example of conduct that qualifies as obstruction is committing perjury. The defendant testified, before a grand jury, he was never an employee or officer of Jireh. The evidence supports that the defendant owned and operated Jireh for the purpose of the offense. Therefore, the two-level enhancement is applicable.

Attached to the PSR were written statements from co-defendants explaining that Steward owned and operated Jireh Development. The PSR also included a number of other attachments, including Bank of America debit-card applications and checking-account statements for accounts held by Jireh Development Corporation. Two of these applications bore Steward's

signature and listed his title as "president." One of the checking-account statements expressly lists the name of the account as "Jireh Development Corporation DBA Kenneth J Steward." With the obstruction enhancement, Steward's total offense level was calculated at 37 and his criminal history category at I, yielding a recommended guidelines range of 210 to 262 months.

In his sentencing memorandum and at his sentencing hearing, Steward challenged the PSR's recommended obstruction enhancement. He primarily contended that his statements before the grand jury were the result of confusion or mistake. He also challenged the importance of the debit-card applications included with the PSR, arguing that the government had not proven that he signed or submitted the documents. To refute that he was president of the Jireh companies, he argued that records from the Illinois Secretary of State's website listed other people, and not Steward, as the president or agent of Jireh Development Corporation, Jireh Construction, Inc., Jireh Construction, LLC, and Jireh Redevelopment Company.

In response to Steward's renewed objection at the sentencing hearing, the government proffered a "HUD-1 settlement statement for a property sold by Jireh Development." It explained that Steward signed the document as the "President and Secretary/Treasurer" of Jireh Development. The government also explained that one of the persons listed as the president of Jireh Development Corporation on the Secretary of State's website—a man named Kenneth Washington—had pleaded guilty to participating in a different mortgage-fraud scheme and was incarcerated during a portion of the time that Steward used Jireh Development to carry out his crime.

The district court agreed with the PSR's recommended enhancement for obstruction of justice, and after also adopting the remainder of the PSR, sentenced Steward to 210 months' imprisonment, the bottom of his guidelines range. To justify the obstruction enhancement, the court adopted the probation officer's rationale, stating: "[A]s described in Lines 318 and 324 [of the PSR], which the Court accepts, you have obstructed justice by, as counsel just mentioned, committing perjury before the grand jury, for an enhancement of two levels." Sent. Tr. 20. Government counsel had just asserted that "it is ridiculous for this defendant to argue that he did not lie to the grand jury. Based on the grand jury exhibits, [he] has represented all over the place that he was the President and owner of Jireh Development." *Id.* at 16. Counsel added that Steward "owned and operated Jireh Development and, then, lied about that to the grand jury. There was no confusion. It was simply a lie." *Id.* at 17-18. Then, while denying a reduction for acceptance of responsibility, the district judge repeated that Steward "obstructed justice by committing perjury in testimony before the grand jury – which the Court just found." *Id.* at 20. The court then proceeded to consider the sentencing factors provided at 18 U.S.C. § 3553(a), focusing in particular on the financial scope of Steward's offense and on his minimal criminal record.

On appeal Steward first argues that the district court erred by applying a 2-level enhancement for obstructing justice without making explicit findings of the three elements of

perjury. Because he objected to the sentencing enhancement on the grounds that he did not commit perjury, he contends that the district court needed to make independent findings that covered each element of that crime: falsity, willfulness, and materiality. Steward contends that the district court made no such findings. Steward also maintains that he innocently misunderstood the significance of his statement before the grand jury. The government counters that the PSR recited sufficient facts to encompass a finding of perjury, and that regardless, any error was harmless.

Under § 3C1.1 of the Sentencing Guidelines, a court may enhance a defendant's offense level if he "willfully obstructed or impeded, or attempted to obstruct or impede" the investigation into his offense. A finding that the defendant committed perjury supports this enhancement. *United States v. Dunnigan*, 507 U.S. 87, 94 (1993); *United States v. Johnson*, 612 F.3d 889, 893 (7th Cir. 2010); *United States v. Seward*, 272 F.3d 831, 838 (7th Cir. 2001); U.S.S.G. § 3C1.1, cmt. n.4(B). And perjury is defined as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *Dunnigan*, 507 U.S. at 94. If the defendant objects, however, the Supreme Court instructed in *Dunnigan* that the sentencing court must "review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice . . . under the perjury definition." *Id.* at 95. But separate findings of the individual elements of perjury, though preferable, are unnecessary if the court makes a finding that "encompasses all of the factual predicates for a finding of perjury." *Id.*; *Johnson*, 612 F.3d at 893; *Seward*, 272 F.3d at 838. Thus, it is sufficient if the court determines "'that the defendant lied to the [court]' about material matters." *United States v. Grigsby*, 692 F.3d 778, 786 (7th Cir. 2012) (quoting *United States v. White*, 240 F.3d 656, 662 (7th Cir. 2001)). This court reviews de novo the adequacy of the district court's obstruction of justice findings and any underlying factual findings for clear error. *See United States v. Sheikh*, 367 F.3d 683, 686 (7th Cir. 2004); *United States v. Carrera*, 259 F.3d 818, 831 (7th Cir. 2001).

Here, the district court did not make separate findings of each element of perjury, but the omission does not invalidate the sentence. First, we can tell which statement the district court found to be false: It adopted the findings in the PSR, with specific reference to line numbers, which identify as false Steward's testimony that he was never an employee or officer of Jireh Development. Second, although the PSR does not expressly state that this false statement was material or willful, the district court concluded that Steward "obstructed justice by . . . committing perjury before the grand jury." In the context of this case, that conclusion suffices to encompass a finding of willfulness and materiality; "perjury," after all, is a term of art, well-known to district court judges, that refers to all three elements of that crime. The court's conclusion that Steward committed perjury before the grand jury encompasses a finding that he lied to them about a material matter.

Furthermore, the district court knew from the record that Steward's lie was necessarily material because Jireh was at the center of the fraud; thus his lie to the grand jury that he was merely an independent contractor for Jireh, if believed, made his guilt less likely. And the falsehood had to be willful because Steward knew of his true relationship to the company, as reflected in his plea colloquy and in the many documents that he signed. *See, e.g., United States v. Taylor*, 637 F.3d 812, 817–18 (7th Cir. 2011); *United States v. Nurek*, 578 F.3d 618, 623–24 (7th Cir. 2009). As well, we have suggested that a finding that the defendant "'obstructed or attempted to obstruct justice in this case' encompasses the willful element." *United States v. Savage*, 505 F.3d 754, 764 (7th Cir. 2007).Thus, error, if any, in failing to announce more explicit findings is harmless, *see, e.g., id.* (holding district court's finding that defendant "obstructed or attempted to obstruct justice" was "regrettably slim" but constituted harmless error in light of the clear record that defendant willfully lied about material matters contradicted by government witnesses and defendant's own expert), and on this record a remand for the court to make those findings explicit would be a needless exercise.

The district court's specific finding that Steward falsely denied that he was an employee or officer of Jireh distinguishes this case from other similar cases in which we remanded for further findings. In *United States v. Seward*, for instance, the district court enhanced the defendant's sentence under § 3C1.1 after reasoning only that his testimony at trial was "untruthful." 272 F.3d 831, 838 (7th Cir. 2001). We found this insufficient to justify an obstruction enhancement for perjury, as it did not identify which statements at trial the court found false, and thus it was "nearly impossible for us to assess whether the district court's errors were harmless in the end, because we cannot assess the materiality of any of the lies the court found Seward was telling." *Id.* at 838–39. Similarly, in *United States v. Johnson*, we remanded for resentencing after emphasizing that the district court failed to identify which of the defendant's statements it found to be false, and thus once again we were left unable to assess materiality. 612 F.3d 889, 894–95 (7th Cir. 2010); *see also United States v. McGiffen*, 267 F.3d 581, 591–92 (7th Cir. 2001). Accordingly, although we urge district courts to make explicit findings of the elements of perjury before enhancing a sentence under § 3C1.1, on this record we need not remand for resentencing. *See Savage*, 505 F.3d at 764; *United States v. Saunders*, 359 F.3d 874, 879 (7th Cir. 2004) (holding district court's lack of explicit findings required to justify an enhancement under § 3C1.1 based on perjury was harmless where the record was clear that the defendant, who was being sentenced for being a felon in possession of a firearm, "took the stand in his defense and lied when he denied possessing a gun").

In Steward's second challenge to his sentence, he argues that the district court committed procedural error by merely listing the factors provided at 18 U.S.C. § 3553(a), and by improperly sentencing him within his guidelines range "based completely" on past arrests that never resulted in convictions. Steward's arguments are contradicted by the district court's statements during the sentencing hearing. After properly calculating Steward's guidelines range, the court proceeded to consider the factors set forth under § 3553(a), focusing

particularly on the millions of dollars paid and lost by lenders as a result of Steward's fraudulent conduct. This discussion demonstrates that the court meaningfully considered the statutory factors, which is all it needed to do. *See United States v. Martinez*, 520 F.3d 749, 753 (7th Cir. 2008); *United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2008). And although the court mentioned Steward's arrest history and inquired about the status of two pending state-court cases, the record shows that the court did not choose to sentence him within his guidelines range based solely on either consideration. Instead, the court stated that it considered Steward's guidelines range to be appropriate based on the "nature of [his] offense" and the large loss to lenders. Moreover, the court determined that a sentence at the bottom of that range was appropriate because of his "limited" criminal history and his timely plea of guilty. Thus, contrary to Steward's assertions, the district court concluded that his prior arrests weighed in favor of a *lower* sentence—indeed the lowest recommended sentence within his guidelines range. *See United States v. Lopez-Hernandez*, 687 F.3d 900, 903 (7th Cir. 2012).

AFFIRMED.