2020 IL App (1st) 170487-U

No. 1-17-0487

SIXTH DIVISION
MARCH 20, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | Nos.  03 CR 13064 03 CR 13067 |
| | ) | |
| KENNETH STEWARD, | ) ) | Honorable Kenneth J. Wadas, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.
Justices Connors and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The circuit court's summary dismissal of defendant's *pro se* postconviction petition is affirmed where his claim is contradicted by the record.

¶ 2     Defendant Kenneth Steward appeals from the summary dismissal of his *pro se* petition for

relief filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West

2016)). On appeal, the defendant contends that the circuit court erred by dismissing the petition

when it presented an arguable claim of ineffective assistance of counsel. Specifically, the

defendant contends that his trial counsel's erroneous advice that certain sentences would run concurrent to each other rendered his guilty pleas unknowing and involuntary. We affirm the judgment of the circuit court of Cook County.

¶ 3                                   BACKGROUND

¶ 4     Following his May 19, 2003 arrest, the defendant was charged with, *inter alia*, theft, aggravated insurance fraud, computer fraud, and money laundering in case numbers 03 CR 13064 and 03 CR 13067. The cases, which arose out of an alleged mortgage fraud scheme, were consolidated for disposition.

¶ 5     The bench trial of the defendant and the codefendant Lavitta Steward Greaves, the defendant's sister, commenced on May 27, 2009.[1] The trial was repeatedly continued due to the defendant's criminal proceedings in federal case number 10 CR 601 (federal case), in which he was ultimately sentenced to 17½ years' imprisonment.[2] On September 12, 2011, the defendant entered negotiated pleas of guilty to two counts of theft (720 ILCS 5/16-1(a)(1) (West 2002)), one count in case number 03 CR 13067 and one count in case number 03 CR 13064.

¶ 6     The trial court admonished the defendant, in relevant part, regarding the applicable sentencing ranges and the term of mandatory supervised release he must serve upon release from prison. The following exchange then took place:

"THE COURT: Other than the promise that your sentence would be seven years in the Illinois Department of Corrections on each one of these cases to run concurrent to each

---

[1] Lavitta Steward Greaves is not a party to this appeal.

[2] The parties state in their briefs that defendant received a 17-year sentence in the federal case, but the record states that defendant was sentenced to 210 months, *i.e.*, 17½ years. See also *United States v. Steward*, 524 Fed. Appx. 296 (7th Cir. 2013).

other but consecutive to your federal sentence and the State dismissing the charges on that gun case, have there been any other promises made to you to plead guilty other than that?

THE DEFENDANT: No. No, your Honor.

* * *

THE COURT: Are you pleading guilty of your own free will?

THE DEFENDANT: Yes, your Honor."

The court found a factual basis for the defendant's pleas, accepted the pleas, and sentenced the defendant to two concurrent seven-year sentences. The court then reiterated that the sentences in case numbers 03 CR 13064 and 03 CR 13067 were to "run concurrent to each other but consecutive to *** Federal Case 10 CR 601." The mittimus for case number 03 CR 13067 stated that the seven-year sentence is to run concurrent to the sentence imposed in case number 03 CR 13064 and consecutive to the sentence imposed in the federal case.[3]

¶ 7    The defendant did not file a motion to withdraw the pleas and vacate the judgment; rather, on October 20, 2011, the defendant filed a notice of appeal through counsel. On January 24, 2012, this court granted the defendant leave to file a late notice of appeal. On direct appeal, we affirmed the defendant's convictions and remanded for a recalculation of the defendant's presentence custody credit. See *People v. Steward*, 2013 IL App (1st) 120138-U. Although the record indicates that the trial court issued a corrected mittimus, the record on appeal does not contain a copy.

¶ 8    On July 14, 2016, the defendant filed a *pro se* postconviction petition alleging that he only pled guilty because his trial counsel told him prior to sentencing that his state sentences would be

---

[3] The record does not contain a mittimus for case number 03 CR 13064.

concurrent to the sentence imposed in the federal case. The petition next stated that counsel told the defendant that counsel could negotiate a " 'universal' plea" that would resolve both the state and federal cases. The petition further asserted that "immediately" after being sentenced, the defendant questioned counsel and counsel "assured" him that the sentences were "in fact" concurrent. The petition alleged that although the defendant wrote to trial counsel asking for proof that his sentences were concurrent, trial counsel did not respond. The petition also asserted that the question of whether the defendant's state and federal cases were "related" and how that would affect the defendant's presentence custody credit remained unanswered. Attached to the petition were, in pertinent part, the defendant's unnotarized "affidavit," a document titled "Motion to Request to File Late Notice of Appeal," and several letters from the defendant to the Office of the State Appellate Defender.

¶ 9    In his "affidavit," the defendant stated that during plea negotiations, "it was understood" that the state "sentence" would run concurrent to the sentence imposed in the federal case and that the applicable sentencing range was between four and five years. The defendant further stated that trial counsel was "aware" of the defendant's disappointment that his sentences were consecutive but never answered the defendant's questions as to why consecutive sentences, rather than "the agreed upon concurrent sentences," were imposed. In the "Motion to Request to File Late Notice of Appeal," dated January 2, 2012, the defendant stated, in relevant part, that he sought an appeal because "he negotiated for 'concurrent' sentencing to his federal sentence [but the state sentences were] imposed consecutively." In one letter to the Office of the State Appellate Defender, the defendant stated that when the trial court announced that the two seven-year sentences would run

consecutive to the sentence in the federal case, trial counsel told the defendant that the trial court could not "do that," and not to worry because the Bureau of Prisons "would decide."

¶ 10     On October 7, 2016, the circuit court summarily dismissed the petition as frivolous and patently without merit in a written order finding, in relevant part, that the defendant's claim was positively rebutted by the record. The defendant mailed a *pro se* notice of appeal, which was filed in the circuit court on December 15, 2016. On March 8, 2017, this court granted the defendant leave to file a late notice of appeal.

¶ 11                                           ANALYSIS

¶ 12     On appeal, the defendant contends that the circuit court erred when it dismissed his petition because it set forth the gist of a claim that counsel's erroneous advice that his seven-year sentences in case numbers 03 CR 13064 and 03 CR 13067 were to run concurrent to the sentence in the federal case denied him the effective assistance of counsel and rendered his guilty pleas unknowing and involuntary. The defendant acknowledges that the trial court stated on the record that the sentences in case numbers 03 CR 13064 and 03 CR 13067 were to run consecutive to the sentence in the federal case. Although the defendant admits that he "stood silent" and did not object when the trial court imposed sentence and reiterated that the seven-year sentences would be served consecutive to the sentence in the federal case, he states that he relied on trial counsel's statements that the sentences would be concurrent. The defendant argues that because the conversations with counsel were not on the record, this claim is not rebutted by the record.

¶ 13     The Act provides a procedural mechanism through which a defendant may assert a substantial denial of his constitutional rights in the proceedings which resulted in his conviction. 725 ILCS 5/122-1 *et seq*. (West 2016). At the first stage of proceedings under the Act, a defendant

files a petition, which the circuit court independently reviews and, taking the allegations as true, determines whether it is frivolous or patently without merit. *People v. Tate*, 2012 IL 112214, ¶ 9. A petition should be summarily dismissed as frivolous or patently without merit only when it has no arguable basis in either fact or law. *People v. Hodges*, 234 Ill. 2d 1, 11-12 (2009). A petition lacks an arguable basis in fact or law when it "is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.* at 16. Fanciful factual allegations are those which are "fantastic or delusional," and an indisputably meritless legal theory is one that is "completely contradicted by the record." *Id*. at 16-17. We review the summary dismissal of a postconviction petition *de novo*. *Id.* at 9.

¶ 14    Ineffective assistance of counsel claims are judged under the two prong standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To support a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's representation was deficient, and as a result, he suffered prejudice. *Id.* at 687-88. "At the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17.

¶ 15    Within the context of a guilty plea, an attorney's conduct falls below an objective standard of reasonableness when he or she fails to ensure that the defendant's plea was entered voluntarily and intelligently. *People v. Hall*, 217 Ill. 2d 324, 335 (2005). Here, the defendant alleged that his guilty pleas were unknowing and involuntary because he made them based upon counsel's erroneous advice that his seven-year sentences would be served concurrent to the sentence imposed in the federal case. At the first stage of proceedings under the Act, we must take all well-pleaded

facts as true unless "positively rebutted" by the record. *People v. Coleman*, 183 Ill. 2d 366, 385 (1998). The record in this case positively rebuts defendant's claim.

¶ 16     The record establishes that the trial court told the defendant *twice* that the two seven-year sentences would be served consecutive to the sentence in the federal case. The trial court specifically asked the defendant about the representations made regarding his pleas. In particular, the court inquired whether the defendant had been promised anything "[o]ther than the promise that your sentence would be seven years *** on each one of these cases to run concurrent to each other but consecutive to your federal sentence and the State dismissing the charges on that gun case." The defendant stated, "No. No, your Honor." When imposing sentence, the trial court again stated that the sentences in case numbers 03 CR 13064 and 03 CR 13067 were concurrent to each other but consecutive to the sentence imposed in the federal case. Moreover, the defendant's mittimus in case number 03 CR 13067 stated that the seven-year sentence imposed was concurrent to the one imposed in case number 03 CR 13064 and consecutive to the one imposed in the federal case.

¶ 17     The record thus shows that the trial court reviewed the plea agreement and the sentences to be imposed with the defendant and the defendant confirmed that he understood and that no other promises were made to him. The defendant was aware that the two seven-year sentences were to run consecutive to the sentence imposed in the federal case, did not raise any concerns during the plea hearing, and stated that he was pleading guilty of his own free will. Based on this record, the defendant's assertion that his pleas were unknowing and involuntary because counsel told him that all three sentences were concurrent has no arguable basis in fact.

¶ 18 Moreover, the record shows that the defendant failed to present an arguable claim that he was prejudiced. To establish prejudice in the plea context, a defendant " 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *People v. Brown*, 2017 IL 121681, ¶ 26 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Our supreme court has repeatedly held that " '[a] conclusory allegation that a defendant would not have pleaded guilty and would have demanded a trial is insufficient to establish prejudice' for purposes of an ineffective assistance claim." *Brown*, 2017 IL 121681, ¶ 26 (quoting *People v. Valdez*, 2016 IL 119860, ¶ 29). To obtain relief on a claim that he relied on trial counsel's erroneous advice about a consequence of his plea, a defendant must convince the court that a decision to reject the plea offer would have been rational under the circumstances in his case. *Brown*, 2017 IL 121681, ¶ 48.

¶ 19 Here, the defendant did not assert in his *pro se* postconviction petition that he would have rejected the plea agreement and continued with trial but for counsel's "erroneous advice" regarding his sentences. Rather, the defendant merely stated that after sentencing counsel was aware of defendant's disappointment that the sentences were consecutive. The defendant relies on the *pro se* "Motion to Request to File a Late Notice of Appeal," dated January 2, 2012, which was attached to the *pro se* postconviction petition and alleged that he did not receive the concurrent sentences that he "negotiated for." Although the defendant argues on appeal that this shows that he would not have entered the guilty pleas but for counsel's errors, we disagree. Even assuming that the document, which is not filed stamped, dates to January 2012, it at most shows that the defendant was unhappy with the terms of his plea bargain, not that he would have rejected it. Thus, the defendant failed to present an arguable claim that he was prejudiced. *Id.* ¶ 26. Accordingly, the

circuit court's summary dismissal of defendant's postconviction petition as frivolous and patently without merit was proper.

¶ 20                                         CONCLUSION

¶ 21    For these reasons, we affirm the judgment of the circuit court of Cook County.

¶ 22    Affirmed.